# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

MICHAEL WAYNE YOUNG,

    Petitioner,

vs.

DENNIS KUCERA, THOMAS MILLER, STATE OF IOWA,

    Respondents.

No. C07-0012-LRR

ORDER

    This matter is before the court pursuant to the petitioner's application for a writ of habeas corpus. The petitioner submitted such application on February 6, 2007. The petitioner paid the statutory filing fee. *See* 28 U.S.C. § 1914(a) (requiring $5.00).

    The plaintiff's application makes clear that he is not currently confined. Moreover, it appears from the application that he is only dissatisfied with the loss of his right to possess a firearm. Such dissatisfaction is insufficient to establish the custody requirement of 28 U.S.C. § 2254. *See Harvey v. South Dakota*, 526 F.2d 840, 841 (8th Cir. 1975) (concluding that the inability to pursue certain professions, the inability to possess a firearm and the status of a recidivist if he commits another crime do not qualify as severe or immediate restraints on his liberty, and, therefore, he is not in custody for purposes of 28 U.S.C. § 2254). Nonetheless, a cursory review of relevant state court records reveals that the petitioner may be under supervised probation. *See State v. Young*, Case No. SRCR010126 (Tama County Dist. Ct. 2004).[1] Consequently, if the petitioner filed his

---

[1] Iowa state court criminal and civil records may be accessed at the following address: www.judicial.state.ia.us/online_records/. *See Stutzka v. McCarville*, 420 F.3d

(continued…)

application for a writ of habeas corpus while under supervised probation, he might be sufficiently in custody to pursue relief under 28 U.S.C. § 2254. *See, e.g., Jackson v. Coalter*, 337 F.3d 74, 79 (1st Cir. 2003) (stating that petitioner "remains under supervised probation . . . [and] [t]hus, he is still sufficiently 'in custody' to pursue federal habeas corpus relief"); *Landry v. Hoepfner*, 840 F.2d 1201, 1204 n.8 (5th Cir. 1988) (stating petitioner is still eligible for habeas corpus relief despite the expiration of probation because petitioner filed his application while on probation); *see also Jones v. Jerrison*, 20 F.3d 849, 852 n.2 (8th Cir. 1994) ("Parole status does not deprive a federal court of jurisdiction over a habeas petition . . . because a parolee is still 'in custody'".). Because his application for a writ of habeas corpus is silent with respect to his supervised probation, the petitioner is directed to inform the court as to his current status, that is, whether he is currently under supervised probation. If he is not currently under supervised probation, the petitioner is directed to inform the court as to the date his supervised probation ended. The petitioner's written statement of his current status is due by no later than March 12, 2007.

In the event that the petitioner does not answer the court's inquiries, the instant action may be dismissed for failing to respond to a court order. *See* Fed. R. Civ. P. 41(b); *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 779-80 (8th Cir. 1995); *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994); *Omaha Indian Tribe v. Tract I - Blackbird Bend Area*, 933 F.2d 1462, 1468 (8th Cir. 1991); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir.

---

[1](…continued)
757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

1986); *cf*. L.R. 41.1(b).[2]

**IT IS SO ORDERED**

**DATED** this 20th day of February, 2007.

LINDA R. READE
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[2] The court notes that the petitioner failed to utilize the form typically used by those seeking relief under 28 U.S.C. § 2254. Such failure prevents the court from conducting a proper review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. In the event that the court has jurisdiction over this matter, the court will require the petitioner to complete a 28 U.S.C. § 2254 form and file it as an amended application for a writ of habeas corpus.