# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

MICHAEL WAYNE YOUNG,

        Petitioner,

vs.

DENNIS KUCERA, THOMAS MILLER, STATE OF IOWA,

        Respondents.

No. C07-0012-LRR

ORDER

This matter is before the court pursuant to its order dated February 20, 2007. In that order, the court directed the petitioner to inform the court as to his current status, that is, whether he is currently under supervised probation, and it also directed the petitioner to inform the court as to the date that his supervised probation ended if he is not currently under supervised probation. The petitioner attempted to comply with the court's directive by filing a statement on March 12, 2007.

Rule 4 of the Rules Governing Section 2254 Cases provides that the court shall conduct an initial review of the application for habeas corpus and summarily dismiss it, order a response, or "take such action as the judge deems appropriate." *See* Rule 4, Rules Governing Section 2254 Cases. The court may summarily dismiss an application without ordering a response if it plainly appears from the face of the application and its exhibits that the petitioner is not entitled to relief. *See id.*; 28 U.S.C. § 2243; *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). For the reasons set forth below, summary dismissal is appropriate in this case.

Pursuant to 28 U.S.C. § 2254(a), a petitioner must be "in custody pursuant to the judgment of a State court." The United States Supreme Court held that, once the sentence imposed for a conviction has completely expired, an individual is not "in custody" under that conviction for purposes of habeas corpus attack, and, therefore, a federal court lacks

jurisdiction. *Maleng v. Cook*, 490 U.S. 488, 491-92, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) (per curiam); *see also Love v. Tippy*, 128 F.3d 1258, 1258-59 (8th Cir. 1997); *Taylor v. Armontrout*, 877 F.2d 726 (8th Cir. 1989).

As the court stated in its prior order, it is clear that the petitioner is not currently confined, and the inability to pursue certain professions, the inability to possess a firearm and the status of a recidivist if he commits another crime do not qualify as severe or immediate restraints on his liberty for purposes of the "in custody" requirement of 28 U.S.C. § 2254, *see Harvey v. South Dakota*, 526 F.2d 840, 841 (8th Cir. 1975). The petitioner now clarifies that he is not currently under supervised probation. The petitioner, however, did not inform the court when he discharged his term of supervised probation. Thus, he did not fully comply with the court's prior order. Given his failure to comply with the court's directive, the court deems it appropriate to dismiss the instant action. *See* Fed. R. Civ. P. 41(b); *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 779-80 (8th Cir. 1995); *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994); *Omaha Indian Tribe v. Tract I - Blackbird Bend Area*, 933 F.2d 1462, 1468 (8th Cir. 1991); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986); *cf.* L.R. 41.1(b). Finally, given the dates included in the petitioner's statement and his additional assertions, the court finds that it is highly unlikely that the petitioner filed the instant application while "in custody." *See, e.g., Jackson v. Coalter*, 337 F.3d 74, 79 (1st Cir. 2003) (stating that petitioner "remains under supervised probation . . . [and] [t]hus, he is still sufficiently 'in custody' to pursue federal habeas corpus relief"); *Landry v. Hoepfner*, 840 F.2d 1201, 1204 n.8 (5th Cir. 1988) (stating petitioner is still eligible for habeas corpus relief despite the expiration of probation because petitioner filed his application while on probation); *see also Jones v. Jerrison*, 20 F.3d 849, 852 n.2 (8th Cir. 1994) ("Parole status does not deprive a federal court of jurisdiction over a habeas petition . . . because a parolee is still 'in custody'".). Based on the foregoing, the court concludes that it is without jurisdiction to issue a writ of habeas corpus in this matter. Because the petitioner failed to comply with the court's prior order

2

and it is clear that subject matter jurisdiction does not exist, the application for a writ of habeas corpus is dismissed summarily under Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED**

**DATED** this 24th day of April, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

3